GARTH HIRE (CABN 187330)
DANIEL DONAHOE WALL (CABN 311391)
MAX D. BILSBOROUGH (CABN 364061)
DUANE MORRIS LLP
One Market Street, Spear Tower, Suite 2200
San Francisco, California 94105-1127
Telephone: (415) 957-3000
Fax: (415) 957-3001
ghire@duanemorris.com
dwall@duanemorris.com
mbilsborough@duanemorris.com

Attorneys for Defendants
XIN MIAN PAN
UNI-TILE & MARBLE, INC.
UNI-STONE & CABINET, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA. | ) No. CR 25-00428 CRB |
| Plaintiff, | ) STIPULATION AND [PROPOSED] ORDER |
| v. | ) TO CONTINUE HEARING DATE AND |
| | ) FINDINGS OF EXCLUDABLE TIME |
| XIN MIAN PAN, et. al., | ) PURSUANT TO THE SPEEDY TRIAL ACT |
| Defendants. | ) |
| | ) Current Hearing Date:   May 20, 2026 |
| | ) Proposed Hearing Date: September 23, 2026 |

Plaintiff United States of America and defendants Xian Mian "Henry" Pan, Uni-Tile & Marble, Inc., Uni-Stone & Cabinet, Inc., and Hua Liang "Nolan" Xie, by and through their respective counsel of record, hereby stipulate as follows:

1.     Defendants are currently charged in a twenty-two count superseding indictment returned by the grand jury on March 3, 2026, which alleges conspiracy, conspiracy to commit wire fraud, wire fraud, entry of goods by means of false statements, smuggling, international money laundering, false writing to government agency, and aiding and abetting in violation of 18 U.S.C. §§ 371, 1349, 1343, 542, 545, 1956(a)(2), 1001(a)(3), and 2.

2.     Defendants are currently on pretrial release and made their initial appearance before this Court for a status conference on February 11, 2026. At that time, a further status conference was set for May 20, 2026, before this Court. The government has produced and continues to produce voluminous discovery in this matter. The parties now request that this hearing be continued to September 23, 2026, for the reasons set forth below.

3.     Additional time is necessary for defendants' counsel to confer with defendants, conduct and complete an independent investigation of the case, conduct and complete additional legal research including for potential pre-trial motions, review the discovery already produced and soon to be produced, as well as potential evidence in the case, and prepare for trial in the event that a pretrial resolution does not occur. Defense counsel represents that failure to grant the continuance would deny them reasonable time necessary for effective preparation, taking into account the exercise of due diligence. In addition, the parties agree that this case is complex due to the nature and volume of discovery and the legal issues involved. The parties also agree that the exclusion of time is not based on congestion of the Court's calendar, lack of diligent preparation on the part of the attorneys for the government or the defense, or failure on the part of the attorneys for the government to obtain available witnesses.

4.     For purposes of computing the date under the Speedy Trial Act by which defendants' trial must commence, the parties agree that the time period of May 20, 2026, to September 23, 2026, inclusive, should be excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i), (ii), and (iv) because the delay results from a continuance granted by the Court at defendants' request, without government objection, on the basis of the Court's finding that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendants in a speedy trial; (ii) failure to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice; (iii) the case is complex; and (iv) failure to grant the continuance would unreasonably deny defendants continuity of counsel and would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

5. Nothing in this stipulation shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods be excluded from the period within which trial must commence. Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

IT IS SO STIPULATED.

DATED: May 6, 2026

By: _____ */s/ Christiaan Highsmith*_____
CHRISTIAAN HIGHSMITH
ASEEM PADUKONE
KELSEY DAVIDSON
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

DATED: May 6, 2026

By: _____ */s/ Garth Hire*_____
GARTH HIRE
DANIEL DONAHOE WALL
MAX D. BILSBOROUGH

Attorney for Defendants
XIN MIAN "HENRY" PAN
UNI-TILE & MARBLE, INC.
UNI-STONE & CABINET, INC.

DATED: May 6, 2026

By: _____ */s/ Naomi Chung*_____
NAOMI CHUNG
TAMARA CREPET

Attorneys for Defendant
HUA LIANG "NOLAN" XIE

**[~~PROPOSED~~] ORDER**

The Court has read and considered the Stipulation Regarding Request for Continuance of Hearing Date and Findings of Excludable Time Period Pursuant to the Speedy Trial Act, filed by the parties in this matter. The Court hereby finds that the Stipulation, which this Court incorporates by reference into this Order, demonstrates facts that provide good cause for a finding of excludable time pursuant to the Speedy Trial Act, 18 U.S.C. § 3161.

The Court further finds that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendants in a speedy trial; (ii) failure to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice; (iii) the case is complex; and (iv) failure to grant the continuance would unreasonably deny defendants continuity of counsel and would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

THEREFORE, FOR GOOD CAUSE SHOWN:

The status conference scheduled for 1:30 p.m. on May 20, 2026, is continued to 1:30 p.m. on September 23, 2026. Defendants are ordered to appear on that date and time. The time period of May 20, 2026, to September 23, 2026, inclusive, is excluded in computing the time within which the trial must commence, pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i), (ii), and (iv). Nothing in this Order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excluded from the period within which trial must commence. Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

IT IS SO ORDERED.

DATED:____May 7_____, 2026        _____
                                        HON. CHARLES R. BREYER
                                        UNITED STATES DISTRICT JUDGE